**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

**HECTOR VILLATORO-GUEVARA,**
                    **Petitioner,**

**-vs-**                                                                    **Case No.  A-26-CV-00503-DAE**

**TDCJ - DIRECTOR,**
                    **Respondent.**

_____

**O R D E R**

Before the Court are Petitioner Hector Villatoro-Guevara's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 and Respondent's answer thereto.  Petitioner paid the $5.00 filing fee. After consideration of the above-referenced pleadings, the Court dismisses Petitioner's petition for failure to exhaust his state court remedies.

According to Respondent, the Director has custody of Petitioner pursuant to the judgment of the 368th Judicial District Court of Williamson County, Texas, in cause number 21-1131-K368. In that cause, Petitioner was charged by indictment with committing murder.  He pleaded not guilty, but he was found guilty of murder by a jury.  On September 14, 2023, Petitioner was sentenced to 45 years in prison.

Petitioner appealed his conviction.  On appeal he challenged his conviction as follows: (1) the trial court erred in overruling his objection during voir dire to the prosecutor injecting his personal opinion on use of deadly force; (2) the evidence is insufficient to support his conviction because no rational factfinder could have found against him on his claim of self-defense; and (3) the jury charge was erroneous by including a paragraph emphasizing his status as a trespasser when there was no evidence to suggest he trespassed.  The Seventh Court of Appeals for Texas affirmed

Petitioner's conviction. *Villatoro-Guevara v. State*, No. 07-23-00355-CR, 2024 WL 3838430 (Tex. App. – Amarillo Aug. 15, 2024). The Texas Court of Criminal Appeals refused his petition for discretionary review. *Villatoro-Guevara v. State*, No. PD-0839-24 (Tex. Crim. App. Nov. 27, 2024).

Petitioner also challenged his conviction in a state application for habeas corpus relief on June 2, 2025. In his application he raised claims that his attorneys provided ineffective assistance of counsel. On January 8, 2026, the Texas Court of Criminal Appeals dismissed the application as non-compliant. Rather than filing a compliant state application for habeas corpus relief in state court, on February 24, 2026, Petitioner executed his federal petition for writ of habeas corpus raising his claims of ineffective assistance of counsel.

A fundamental prerequisite to federal habeas corpus relief under 28 U.S.C. §2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief. *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir. 1995), *cert. denied*, 516 U.S. 1050 (1996). Section 2254(b) provides:

> (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that:
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B) (i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254. This requirement is designed in the interests of comity and federalism to give state courts the initial opportunity to pass upon and correct errors of federal law in a state prisoner's conviction. *Picard v. Connor*, 404 U.S. 270, 275-76 (1971). The purpose and policy underlying the exhaustion doctrine is to preserve the role of the state courts in the application and enforcement of

federal law and prevent disruption of state criminal proceedings. *Rose v. Lundy*, 455 U.S. 509, 518 (1982)(citing *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 490-91 ( 1973)).

A petition under 28 U.S.C. § 2254 "must be dismissed if state remedies have not been exhausted as to any of the federal claims." *Castille v. Peoples*, 489 U.S. 346, 349 (1989). The exhaustion doctrine "requires that the Texas Court of Criminal Appeals be given an opportunity to review and rule upon the petitioner's claim before he resorts to the federal courts." *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985). Once a federal claim has been fairly presented to the Texas Court of Criminal Appeals, either through direct appeal or collateral attack, the exhaustion requirement is satisfied. *See generally, Castille*, 489 U.S. at 351. In order to avoid piecemeal litigation, all grounds raised in a federal application for writ of habeas corpus must first be presented to the state's highest criminal court prior to being presented in federal court. *Rose*, 455 U.S. at 522. If even one claim is unexhausted, the entire petition must be dismissed for failure to exhaust state remedies. *Id.*

In the present case, Petitioner has not presented his claims to the Texas Court of Criminal Appeals because he did not file a compliant state application for habeas corpus relief. Accordingly, there has been no fair presentation of his claims to the state court, and thus, the state court has not had the initial opportunity to pass upon and correct any alleged errors of federal law. Nevertheless, the exhaustion requirement can be excused when exceptional circumstances exist. *Deters v. Collins*, 985 F.2d 789 (5th Cir. 1993). However, Petitioner makes no allegations that any exceptional circumstances are present in this case.

It is therefore **ORDERED** that Petitioner's petition for writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust his state court remedies.

It is further **ORDERED** that the Court **DENIES** Petitioner a certificate of appealability.

It is finally **ORDERED** that this case is **CLOSED**.

**SIGNED** this the 30th day of May 2026**.**

_____
DAVID A. EZRA
SENIOR UNITED STATES DISTRICT JUDGE